10-3366-cv
Richards-Byers v. N.Y.C. Dep't of Fin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of November, two thousand eleven.

PRESENT:

Dennis Jacobs,
    Chief Judge,
José A. Cabranes,
Debra Ann Livingston,
    Circuit Judges.

_____

Yvonne Richards-Byers,

    Plaintiff-Appellant,

v.                                          10-3366-cv

New York City Department of Finance,
City of New York,

    Defendants-Appellees.*

_____

_____

* The Clerk of Court is directed to amend the official caption as shown above.

FOR APPELLANT:           Yvonne Richards-Byers, pro se,
                         New York, NY.

FOR APPELLEES:           Larry Sonnenshein and Andrew S.
                         Wellin, for Michael A. Cardozo,
                         Corporation Counsel of the City
                         of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED.**

Plaintiff-Appellant Yvonne Richards-Byers, proceeding pro se, appeals from the District Court's grant of summary judgment for Defendants-Appellees the City of New York and the City of New York's Department of Finance (collectively, the "Defendants") on Richards-Byers's complaint brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17. Richards-Byers alleges retaliation by the Defendants (and her coworkers) for her confidential 2002 Equal Employment Opportunity ("EEO") interview in support of a coworker. We assume the parties' familiarity with the

underlying facts, procedural history of the case, and issues on appeal.

We review de novo a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). A plaintiff bears the initial burden of proving a prima facie case of retaliation. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 110 (2d Cir. 2010) (discussing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)). To establish a prima facie case of retaliation, a plaintiff must demonstrate that (1) "she participated in an activity protected by Title VII," (2) "her participation was known to her employer," (3) "her employer thereafter subjected her to a materially adverse employment action," and (4) "there was a causal connection between the protected activity and the adverse employment action." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 552 (2d Cir. 2010). Because Richards-Byers failed to establish a prima facie case, we affirm.

3

**[1]** Richards-Byers has offered little beyond her own speculation that any of her coworkers actually knew about her confidential interview. She does not contend that anyone told anyone else about the interview, and no coworkers ever indicated to her that they knew about the interview. Accordingly, in this instance, a jury could not draw a reasonable inference of retaliation.

**[2]** Richards-Byers claims that she was not promoted and received numerous adverse transfers, all in retaliation for her EEO interview, but she has not shown a causal connection between those events and the interview. Even her first transfer -- which was closest in time to the interview -- occurred more than a year later. There is no circumstantial evidence that she was treated differently from any similarly-situated employee, there is no direct evidence of retaliatory animus, and such attenuated temporal proximity cannot support an inference of retaliatory intent. See Gordon v. N.Y.C. Bd. of Educ., 232 F.3d 111, 117 (2d Cir. 2000); see also Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001); cf. Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty., 252 F.3d 545, 554-55 (2d Cir. 2001) (collecting cases).

4

The same is true of Richards-Byers's claim that she was not promoted to positions in 2004 and 2005.  See Breeden, 532 U.S. at 273 ("Action taken . . . 20 months later suggests, by itself, no causality at all."). This is especially true of the 2004 position, which was filled by the woman whose claim was the subject of Richards-Byers's 2002 EEO interview.

At best, the remaining allegations of failure to be promoted are "mere conclusory allegations" that "cannot by themselves create a genuine issue of material fact" to withstand summary judgment.  See Fletcher v. Atex, Inc., 68 F.3d 1451, 1456 (2d Cir. 1995) (internal quotation marks omitted).

We have considered all of Richards-Byers's additional arguments and find them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk